## MORRIS *v.* LOWE.

### (*Knoxville.* September 19, 1896.)

1. REPLEVIN. *Barred by three years' adverse possession.*

    Replevin is barred by three years' adverse possession of property regardless of the source of defendant's title or possession. (*Post. pp. 244, 245.*)

    Code construed: § 4470 (S.); § 3470 (M. & V.); § 2773 (T. & S.).

    Case cited and approved: Garrett *v.* Vaughn, 1 Bax., 113.

2. BAILMENT. *Terminates with death of bailee.*

    A gratuitous bailment ceases with the death of the bailee, and no trust attaches to the property in the hands of his widow. (*Post, p. 245.*)

3. SAME. *Widow's rights.*

    A widow who takes and claims as her own, property held by her husband as bailee, and who pays the debts of his estate out of her own means, does not hold such property as administratrix *de son tort.* (*Post, p. 245.*)

4. SAME. *Same.*

    A widow may take and claim as her own property held by her husband as bailee, as against the bailor, although such claim might be unavailing against the husband's estate. (*Post, pp. 245, 246.*)

5. HUSBAND AND WIFE. *Wife's personalty goes to husband.*

    Furniture given to a married woman, without being impressed with the features of a separate estate, becomes the husband's property. (*Post, p. 246.*)

---

### FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County. JOHN A. MOON, J.

RUTLEDGE & MURRAY for Morris.

EAKIN & DICKEY for Lowe.

WILKES, J.    This is an action of replevin for certain furniture.    It was heard in the Court below without the intervention of a jury, and judgment rendered for defendant, and plaintiffs have appealed and assigned errors.    The furniture was placed in the custody and possession of defendant's husband, S. B. Lowe, before her marriage to him, and about 1882. It was simply held by him without hire or compensation until his death in April, 1891.    After his death his widow held possession of it until this suit was brought, February 6, 1895, claiming it as her own. There was no administration upon the estate of S. B. Lowe, but the defendant, his widow, paid his debts out of insurance money upon his life, which, under the statute, was hers.    Mr. Lowe, shortly before his death, agreed with the plaintiffs to send the furniture to them, and recognized their right to it, but this appears to have been unknown to Mrs. Lowe.    She now claims the property under the operation of § 3470 of the Code (M. & V.), which provides that actions for the conversion or detention of personal property must be brought within three years from the accruing of the cause of action.    It is insisted, however, that this property was impressed with a trust derived from the holding of it by the husband as a bailee, and hence defendant cannot avail herself of the statute until after she notified the owner that

she disclaimed his title and held for herself.   It is well settled that the source of the title or possession cannot be inquired into in such actions, and that the adverse possession of the holder claiming for herself for three years vests the absolute estate with the possession.   *Garrett* v. *Vaughn*, 1 Baxter, 113, and numerous cases there cited.

Besides, the bailment in this case was gratuitous, and with the death of Mr. Lowe the bailment ceased and ended, and no trust followed it into the hands of the widow.   Story on Bailments, Sec. 277 ; Kent's Com., Vol. II., Sec. 643, 644.

Even if there were an administrator, he would have no right to the possession of the property or concern in the bailment, unless the matter be in such situation that it is necessary for him to take possession in order to discharge some legal duty, which the bailor has the right to require.   Story on Bailments, Sec. 202 ; 2 Kent, Sec. 643, 644.

It is said that Mrs. Lowe became administratrix *de son tort* by paying her husband's debts, and hence she held this property in that capacity and not in her own right.   It is sufficient to say that the proof shows she claimed the property as her own and not as administrator, and that she paid her husband's debts out of her own money and did not in any way meddle with her husband's property for that purpose, and she is not, therefore, administratrix *de son tort*.

Again, it is said that she could not claim the

property as her own until there was administration on her husband's estate. This might be true as against an administrator if the administrator for any cause had the right to demand the property, but the principle does not apply in this case. The defendant in this case does not represent the husband. The fact that she is his widow, while it may have given her the opportunity to gain the possession of the property, did not vest her with any right to it, nor charge her with any duty in regard to it.

There is no insistence that the personal property in controversy was the separate estate of Mrs. Morris. The record shows that it was given to her by her father, and, not being impressed with the features of a separate estate, so far as the record discloses, it would, like any other personal property, belong to her husband.

There is no error in the judgment of the Court below, and it is affirmed, with costs.